```
            IN THE UNITED STATES COURT OF APPEALS
                   FOR THE FIFTH CIRCUIT

                 _____

                     No. 99-30890
                   Summary Calendar
                 _____


YVONNE L. TAYLOR; Et Al.,

                                        Plaintiffs,

versus

LAWRENCE H. SUMMERS, Etc.,

                                        Defendant.

                 _____


KAYLA L. LETTOW; JOYCE A MADERE; JERENE METZLER; WILLIE BRYANT;
EDDIE KAISER; CARRIE CARBO; SHARON REESE,

                                        Plaintiffs-Appellants,

versus

LAWRENCE H. SUMMERS, Secretary, United States Department of
Treasury,

                                        Defendant-Appellee,

                 _____


LYNN D. ABERNETHY; Et Al.,

                                        Plaintiffs,

LYNN D. ABERNETHY; W.D. ABRAMS; JEFFREY THOMAS DANIEL; RONALD
CARTER,

                                        Plaintiffs-Appellants,

versus

LAWRENCE H. SUMMERS, Solely in his capacity as Secretary of the
Department of Treasury of the United States of America,

                                        Defendant-Appellee
```

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 97-CV-2398, 98-CV-493, 98-CV-1174
--------------------
August 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal, arising from three separate actions brought against the Secretary of the Treasury, generally concerns the work environment in the Collection Division of the Internal Revenue Service office, in Shreveport, Louisiana. Specifically, the first group of plaintiffs (the "Taylor" plaintiffs) alleged acts of discrimination in addition to a challenge against a hiring and promotion program implemented by the Collection Division known as "ERR-16." The second group of plaintiffs (the "Carter" plaintiffs) also challenged ERR-16. The third group of plaintiffs (the "Lettow" plaintiffs) alleged a hostile work environment created by an inappropriate relationship between a supervisor and a subordinate in the office, as well as a challenge to ERR-16.

The district court initially consolidated the actions brought by the Taylor and the Carter plaintiffs. Then, after granting partial summary judgment for the IRS on the Lettow plaintiffs' claims of hostile work environment, the district court further consolidated the Lettow action with the Taylor/Carter action. The district court then granted the IRS'

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for summary judgment on the claims of all the Carter plaintiffs as well as the remaining claims of the Lettow plaintiffs. Shortly thereafter, the district court granted the defendant's motion to transfer venue with respect to the only remaining claims - those of the Taylor plaintiffs. They are currently pending in the Eastern District of Louisiana. The Carter plaintiffs timely appeal from the adverse judgment against their challenge to ERR-16, while the Lettow plaintiffs timely appeal from the summary disposal of their hostile work environment claims as well as their challenge to the ERR-16 policy.

As an initial matter, we note that our jurisdiction in this case is based on 28 U.S.C. § 1291, as an appeal from the final judgment of a district court. While the district court consolidated three separate actions into one, it subsequently proceeded to splinter off one action, sending it to the Eastern District of Louisiana, while summarily addressing the remaining claims from the other two actions. While the district court never explicitly unconsolidated the three actions, a fact that might otherwise defeat our appellate jurisdiction, we interpret the district court's order transferring venue for the Taylor action as rescinding its previous consolidation order. Thus, a final judgment has been entered in both the Carter and the Lettow actions, rendering our jurisdiction proper.

Reaching the merits of this appeal, we find no error in the district court's grant of summary judgment to the IRS on the grounds that both sets of claims are untimely. The plaintiffs

maintain that the behavior of Huey Mayfield, a former supervisor in the Shreveport Collection Division, in using his position to advance the careers of other employees in exchange for actual or anticipated sexual favors, created a hostile work environment. While it is not disputed that Mayfield engaged in such behaviors, the district court found that as Mayfield had been removed from position in the relevant office in August, 1995, and the harassing conduct had ended as a consequence at that time, plaintiffs claims filed several years later failed to meet the strict deadlines required under the law. We find nothing in the briefs or record to dispute this conclusion or to support plaintiffs bald assertion that their claims fit within the continuing violation exception to the filing time limits. As there are no genuine issues of material fact with regard to plaintiffs hostile work environment claims, we AFFIRM the judgment of the district court dated March 23, 1999, dismissing the same.

With respect to the plaintiffs second set of claims - that the ERR-16 policy is unlawfully discriminatory in violation of Title VII and the Fifth Amendment - the district court similarly concluded that the IRS was entitled to summary judgment on the grounds that the claims were untimely filed. The court concluded that as the policy had been in place since 1990, the plaintiffs had been on notice of any violation for years prior to their commencement of legal proceedings. As such, the plaintiffs failure to comply with the strict filing requirements of Title VII, and the inapplicability of any theory of equitable tolling

to their claims render summary judgment appropriate for the IRS.
Our review of the briefs and the records confirms the conclusion
of the district court that no genuine issue of material fact
exists to defeat summary judgment.  We AFFIRM the summary
judgment of the District Court dismissing the claims concerning
ERR-16 for essentially the reasons stated by the district court
in its memorandum dated June 11, 1999.

AFFIRMED.